# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOHN DIAMOND,**

                **Plaintiff,**

    v.                                      CASE NO.10-3081-SAC

**JAMES W. GRAY,**

                **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff is a prisoner incarcerated at the United States Disciplinary Barracks (USDB) at Ft. Leavenworth, Kansas, serving a sentence which includes a life sentence without parole.[1] In February 2010, plaintiff attempted to mail a letter to his wife. Citing a USDB regulation concerning inmate mail, USDB staff refused to send the letter because it contained sexually explicit material prohibited by that regulation. Plaintiff pursued administrative review of that decision without success, ending with the USDB

---

[1] Plaintiff was convicted by general court-martial of violating a lawful general regulation by wrongfully transporting and storing a privately-owned weapon in his vehicle, committing adultery on divers occasions, conspiring to commit premeditated murder, premeditated murder, and obstructing justice. See *U.S. v. Diamond*, 65 M.J. 876 (Army Ct.Crim.App. 2007), *rev. granted in part and remanded,* 67 M.J. 247 and 248 (U.S. Armed Forces January 23, 2009), *on remand*, 2010 WL 3529500 (Army Ct.Crim.App. May 26, 2010), *rev. denied*, 69 M.J. 403 (U.S. Armed Forces October 19, 2010), *pet. for cert. filed* (January 18, 2011).

Commandant's final denial of plaintiff's appeal.

Plaintiff then filed the instant complaint on a court approved form for filing under 42 U.S.C. § 1983, naming the USDB Commandant as the sole defendant. The court liberally construed the pro se pleading as a civil action filed under 28 U.S.C. §§ 1331 and/or 1361 seeking injunctive relief and/or mandamus relief from the USDB Commandant in that defendant's official capacity.[2] Before the court is defendant's motion to dismiss, or in the alternative, motion for summary judgment.

Plaintiff's motions (Doc. 5 and Doc. 12), to supplement the complaint to provide copies of his administrative filings concerning the rejected letter, are granted. Because the court considers extrinsic materials attached to defendant's motion, the court treats defendant's motion as a motion for summary judgment and finds no additional notice to plaintiff is required under the circumstances. See Fed.R.Civ.P. 12(d)(stating that if "matters outside the

---

[2]*See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1236 (10th Cir. 2005)("federal district courts ... have jurisdiction over claims by federal prisoners against federal prison officials seeking vindication of their constitutional rights under either 28 U.S.C. § 1331 or 28 U.S.C. § 1361, and may obtain relief in the nature of either injunction or mandamus"). Plaintiff did not object to this characterization.

As plaintiff does not argue for mandamus relief, and the record does not support any finding that such extraordinary relief would be warranted in this matter. See *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir.1990)(mandamus relief requires a showing that plaintiff has a "clear and undisputable" right to the action sought, that respondent has a plainly defined and peremptory duty to take that action, and that no other adequate remedy is available).

Accordingly, the court considers this action as seeking permanent injunctive relief from the USDB Commandant to remedy the alleged violation of plaintiff's rights under the First Amendment.

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *Wells v. Shalala*, 228 F.3d 1137, 1140 n. 1 (10th Cir.2000). *See also Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir.2006)(plaintiff had "explicit notice" where the motion's title referenced summary judgment in the alternative and the motion included materials outside the pleadings).

Plaintiff's motion for a preliminary injunction (Doc. 3) is denied. Citing the need to prevent future retaliation, plaintiff seeks a court order barring plaintiff's transfer to the custody of the Bureau of Prisons while this matter remains pending, and barring the rejection of all incoming or outgoing mail between plaintiff and his wife, with any such mail found to be objectionable by USDB staff produced to this court for constitutional review. Plaintiff, however, seeks to disturb the status quo of the USDB's existing review of his mail, and makes no clear and unequivocal showing that such extraordinary relief is warranted. See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980)(stating requirements for preliminary injunctive relief).

Having reviewed defendant's motion for summary judgment, plaintiff's response, defendant's reply, and plaintiff's surreply,[3] the court enters the following findings and order.

---

[3] Plaintiff was not given leave to file a surreply, a responsive document not contemplated by the Federal Rules. However, given plaintiff's pro se status, the court will consider this document to the extent it is relevant. Defendant's motion to strike plaintiff's surreply is denied.

## I. Standard of Review

Summary judgment may be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute is "genuine" if the evidence permits a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are "facts that might affect the outcome of the suit under the governing law." *Id*.

In considering a motion for summary judgment, the court views the evidence and reasonable inferences drawn from the record in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir.2000). Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir.2001). But plaintiff's pro se status does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims. *Douglass v. General Motors Corp.*, 368 F.Supp.2d 1220, 1228 (D.Kan.2005)(citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir.1988)).

## II. Background and Plaintiff's Claim

The procedural background in this matter is uncontested. On

4

February 5, 2010, plaintiff submitted a letter to USDB officials to be mailed to his wife. Chief of Inmate Services Branch, Mrs. Karen Pruitt, screened this outgoing mail and returned it to plaintiff, notifying him it would not be sent because it contained sexually explicit material in violation of USDB mail regulations, specifically USDB Reg. 28-1.

Plaintiff appealed this decision. He objected to USDB's interference in his personal mail to his wife, and claimed this violated his rights under the First Amendment to communicate with his wife without undue governmental interference. Citing USDB 28-1, Paragraph 8-1.c, the Publication Advisory Board (PAB) and USDB Commandant Gray upheld the rejection of plaintiff's letter as containing statements concerning sexual violence and sexual offenses under the Uniform Code of Military Justice (UCMJ), to include rape, slapping, pulling hair, bondage, and sadomasochism. Plaintiff then filed the instant action seeking injunctive relief.[4]

Army policies and procedures regarding prisoner mail privileges in an Army confinement facility are set forth in Army Regulation 190-47, which mandate that a prisoner's mail privileges are to be limited only by security, control, and correctional requirements. Army Regulation 190-47, ¶ 10-10. A prisoner's incoming and outgoing non-privileged mail may be opened and read by a certified handler.

---

[4]Plaintiff's allegations center on the rejection of his February 5, 2010, letter to his wife. In his complaint, he also cites a similar rejection of a letter to wife in 2004, which he states was resolved at that time in his favor. The court does not read the pro se supplemented complaint as asserting any claim based on the alleged 2004 rejection. Also, any such claim would be moot given the relief obtained.

*Id.* at 10-10.b(2). Such mail can be rejected if its content is determined to be "detrimental to the security, good order, discipline, or correction mission of the institution, or might facilitate criminal activity." *Id.* at 10-10.b(3).

Relevant to plaintiff's claim in the instant case, the USDB Commandant implemented USDB 28-1 in April 2009 to implement policies regarding the receipt, acceptance, and distribution of prisoner mail. Pursuant to USDB 28-1, inmate mail is screened and can be rejected if determined to be detrimental to the safety, security, and good order of discipline of USDB or might otherwise interfere with the correctional, rehabilitative, or treatment mission of USDB. USDB 28-1, Paragraph 8-1.c. Pursuant to USDB 28-1, mail that can be rejected as interfering with these concerns includes mail containing sexually explicit material involving obscenity or violation of a sex-based crime in the UCMJ. *Id.*

Plaintiff does not contest that he received all procedural safeguards provided in USDB 28-1, including notice of his mail being rejected and administrative review of that action before the PAB and Commandant, and does not claim the procedural safeguards provided are constitutionally deficient. Nor does plaintiff directly challenge the facial validity of the restrictions imposed by USDB 28-1, and appears to acknowledge such restrictions - if properly applied - address appropriate institutional concerns justifying limited interference in plaintiff being able to send mail out of the facility.

Instead, plaintiff's complaint is directed at the constitutional legitimacy of USDB 28-1 as applied to his February 5,

6

2010, personal letter to his wife, a letter plaintiff contends implicated no legitimate correctional, rehabilitative, or security concerns.

**III. Motion for Summary Judgment**

In his motion for summary judgment, defendant acknowledges that plaintiff retains the right to send and receive mail while in prison, and argues those restrictions may be limited by prison regulations that are reasonably related to penological interests. Defendant explains the USDB regulation at issue rejects incoming or outgoing mail which contains sexually explicit material involving obscenity or a violation of a sex-based crime as outlined in the UCMJ, and maintains the rejection of such outgoing mail is to ensure the safety, security, and good order and discipline of USDB and to prevent interference with the correctional, rehabilitative, or treatment mission of USDB. Applying the four factor test in *Turner v. Safley*, 482 U.S. 78 (1987), defendant contends the provision in USDB 28-1 which prohibits the sending or receiving of mail which contains obscenity as defined by the regulation, or material depicting or describing conduct in violation of a sex-based crime included in the UCMJ, is reasonably related to furthering legitimate rehabilitative and security concerns that necessarily accompany the confinement of an inmate.

As applied to plaintiff's February 5, 2010, letter, defendant argues the restrictions imposed by USDB 28-1, Paragraph 8-1.c, were constitutionally permissible under *Turner* because: (1) there is a rational relationship between USDB 28-1 and the security,

7

rehabilitation, and correctional goals of USDB; (2) plaintiff is still able to communicate with his wife if he does not include content prohibited by USDB 28-1; (3) allowing specific content prohibited by USDB 28-1, Paragraph 8-1.c, would cause a serious security risk to guards and other inmates, and adversely impact plaintiff's rehabilitation; and (4) plaintiff suggests no alternative that would accommodate his First Amendment rights at a de minimus cost to valid penological interests of USDB. Defendant thus contends the rejection of plaintiff's letter pursuant to USDB 28-1, Paragraph 8-1.c, was not an exaggerated response to USDB security and rehabilitation concerns.

Responding to defendant's motion, plaintiff disavows that his correspondence contained "sexual violence such as rape," and submits a sworn declaration by his wife in which she states the "sexual fantasies" she and her husband have shared in correspondence since January 2004 were not derogatory towards women, and did not reflect rape or abuse against women. Plaintiff also attaches an undated six page document titled "His Summer Nights" as an example of "sexual fantasies" previously allowed in his correspondence with his wife since 2004, and prior to the rejection of his February 5, 2010, letter pursuant to USDB 28-1 as implemented in April 2009.

**IV. Discussion**

*Content of the Rejected Letter*

The court first finds plaintiff identifies little to no factual support to create a genuine issue of fact as to whether the February 2010 letter rejected pursuant to USDB 28-1 contained material

8

subject to restriction under that regulation. The letter itself is not part of the record. Plaintiff states it was destroyed, and the exhibits attached to the supplemented complaint indicate the destruction of the letter would have been at the direction of plaintiff who was given the option of keeping it to avoid destruction.[5] Plaintiff's bare statement that Pruitt's characterization of the letter was a lie is insufficient. Fed.R.Civ.P. 56(c)(1). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)(nonmoving party may not rest solely on allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial"). Likewise, plaintiff's reference to purported similar correspondence that was neither reviewed nor rejected under USDB 28-1 as implemented in April 2009, and to the affidavit statement by his wife that their correspondence has historically encompassed only non-derogatory sexual fantasies, offers no counter evidence to Pruitt's determination that the content of the letter rejected in February 2010 included material proscribed for mailing by USDB 28-1, Paragraph 8-1(c).

*Application of USDB 28-1 to the Rejected Letter*

Even if the court were to assume no genuine issue of material fact is in dispute, to be granted summary judgment, the moving party must also establish entitlement to judgment as a matter of law. Fed.R.Civ.P. 56(c). Accordingly, the court considers application of USDB 28-1 to prevent plaintiff from mailing his February 5, 2010, letter to his wife.

---

[5]See Complaint, Doc. 1, p.7.

9

A prisoner has a constitutional right to have his outgoing mail processed for delivery, absent legitimate penological interests to the contrary. *Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir.2010) (*citing Treff v. Galetka*, 74 F.3d 191, 195 (10th Cir.1996)). While a prisoner's outgoing correspondence implicates lesser security concerns than his incoming mail, see *Thornburgh v. Abbott*, 490 U.S. 401, 411 and 413 (1989), prisons may still regulate the transmission of outgoing mail so long as doing so "furthers one or more of the substantial governmental interests of security, order, and rehabilitation," and "the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974), *overruled in part on other grounds by Thornburgh*).

The Supreme Court subsequently limited application of the two part *Martinez* standard to a prisoner's outgoing mail, and held prison regulations on a prisoner's incoming mail to the more deferential four part standard stated in *Turner*.[6] *Thornburgh*, 490

---

[6]*Turner* identifies a four factor test to be applied when determining whether a regulation impinging on a prisoner's constitutional rights is valid. Under *Turner* a court must determine:
> (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights. *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir.2002)(*citing Turner*, 482 U.S. at 89-91).

U.S. at 413. Restrictions on outgoing mail, however, still required a closer fit between the challenged regulation and the penological interest purported to be served.[7] *Id*. at 411. The court thus finds the two part standard in *Martinez* applies to plaintiff's First Amendment claim regarding the rejection of his February 5, 2010, letter to his wife, rather than the less demanding four factor test in *Turner.*

In the present case, defendant identifies security and rehabilitation as the governmental interests furthered by USDB 28-1, Paragraph 8-1.c. These are substantial government interests sufficient to satisfy the first part of the *Martinez* standard. See *Martinez*, 416 U.S. at 413 (recognizing order, security, and rehabilitation as "identifiable governmental interests").

In addressing those concerns, it is generally acknowledged that prison officials are better equipped than the judiciary to deal with the security implications of interactions between prisoners and the outside world. *Thornburgh*, 490 U.S. at 407-08. This extends to prison expertise in the rehabilitation of inmates, given the substantial deference the courts are to give to professional

---

[7]Courts, however, have applied *Turner* to outgoing mail intended for delivery to another prisoner, which is a scenario outside the facts presented in the instant case. *See e.g. Shaw v. Murphy*, 532 U.S. 223, 228 (2001)(applying *Turner* to First Amendment claim based on punishing prisoner for mailing legal advice to a fellow prisoner); *Bruscino v. Pugh*, 2006 WL 980580, *7 (D.Colo.2006) (unpublished)(applying *Turner* to a prisoner's outgoing mail intended for remailing to other inmates, and stating it is not clear whether *Martinez* standard applies where outgoing mail was an attempt to avoid prohibition against inmate-to-inmate correspondence)(citing *Shaw*), *aff'd*, 232 Fed.Appx. 763 (10th Cir.2007).

judgments of prison administrators even when First Amendment claims are involved. *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003); *O'Lone v. Shabazz*, 482 U.S. 342, 353 (1987); *Kikumura v. Hurley*, 242 F.3d 950, 956 (10th Cir.2001).

Defendant makes no showing, however, that USDB 28-1, as applied to reject plaintiff's February 5, 2010, letter from being mailed, was the least restrictive intrusion on plaintiff's First Amendment right to communicate with others outside the prison, as required by *Martinez*.

Plaintiff essentially argues there is no legitimate security or rehabilitative interest served by application of USDB 28-1 to restrict his mailing of explicit or obscene sexual content in the context of a personal sexual fantasy to his wife. Because defendant's *Turner* analysis does not address whether application of USDB 28-1 constituted a limitation on petitioner's First Amendment right "no greater than is necessary or essential to the protection" of the security and rehabilitation interests identified by defendant, and the court is unable to make such a determination on the record before it, the court finds defendant has not sustained its burden of demonstrating that he is entitled to judgment as a matter of law.

**V. Conclusion**

Finding defendant has not established he is entitled to judgment as a matter of law, the court denies defendant's motion for summary judgment without prejudice to defendant's filing of any subsequent motion for summary judgment.

12

IT IS THEREFORE ORDERED that plaintiff's motions to supplement the complaint (Docs. 5 and 12) are granted, that plaintiff's motion for a preliminary injunction (Doc. 3) is denied, that defendant's motion to strike plaintiff's surreply (Doc. 19) is denied, and that defendant's motion for summary judgment (Doc. 14) is denied.

**IT IS SO ORDERED.**

DATED: This 24th day of March 2011 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge